**Don Rosendale**
4848 Route 44
Amenia, N.Y. 12501
845.373.9017 Fax: 917.591.6357



November 14, 2007

The Hon. George Yanthis
U.S. Magistrate Judge
300 Quarropas St.
White Plains, N.Y. 10601

re: Rosendale vs. Brusie et al 05 Civ 10759 (CLB, GAY)

Dear Judge Yanthis:

I am responding to Mr. Rice's letter faxed to you requesting[1] for the fourth time a delay in responding to my complaint filed and served in August.

I believe that the equitable solution is for the court to allow my motion for summary judgement, which was filed within the rules, to proceed, and for Mr. Rice to make the objections which he now presents in opposition to a summary judgement motion, rather than a motion to dismiss. This will not prejudice Mr. Rice but actually assist him, because the rules on summary judgement are more liberal than those on a motion to dismiss.

On the other hand, I would be prejudiced if he is allowed to withdraw his current motion and file a new one. I am not a lawyer. No doubt he will seek to find other pleading errors, and I will no longer have the option of an amended complaint to fix them.

In the alternative, he should proceed with current motion. There is no new allegation of fact in the amended complaint, it merely fixes pleading errors and more completely describes the steps I took, guided by a Poughkeepsie law firm experienced in zoning matters whose partners are of counsel to several Dutchess County towns, to exhaust my remedies.

Although the pro se clerk returned my Summary Judgement order to me because you held it in abeyance pending Mr. Rice's motion to dismiss,

---

[1] Despite your admonition not to fax any more letters to chambers.

(now withdrawn) I can re-draft it and have it in Mr. Rice's hands within 24 hours of receiving such direction. He can then reply to it in mid-December as he now asserts is the time frame in which he will next be free.

I am hopeful that the court will keep a tight rein on the progress of this lawsuit. I know that Judge Brieant likes to have cases trial ready in six months. If Mr. Rice is allowed to withdraw his current motion and bring a new one in a month, it will not even have been answered within six months.

The original proceeding, brought when Mrs. Iuliano was town supervisor, was filed in 1999 and after a multitude of requests for delays by the defendants, not decided until 2002, a delay of three years. The last proceeding, when Mr. LeJeune was supervisor, was brought in 2003 and after numerous requests by Mr. Rice for delays, not decided until 2006. Mr. Rice delayed the filing of this lawsuit by several months by filing an unbsuccessful motion to re-argue the Court of Appeals decision unfavorable to his clients.

Most of the arguments raised in the current 12 b motion, as illustrated by the attached chart taken from my memorandum of law, are nothing but the same claims in the same words citing the same cases that the Second Circuit has twice rejected.

Therefore, I am apprehensive of another three year marathon. To bring matters to a head, I merely ask that you allow me to proceed on my summary judgement motion to which Mr. Rice can oppose on December 12th. Judge Brieant, in declining to revive the prior proceeding now that I have exhausted my state administrative remedies, had said that the discovery from the most recent proceeding would be available to me here, and that is the basis for the evidence submitted, so there is no need for further discovery on these issues.

Sincerely,

Donald P. Rosendale

cc: Terry Rice

| Argument | Appeal Brief | Re-argument Brief | This Motion |
|---|---|---|---|
| Res judicata | ✓ | ✓ | ✓ |
| Claims barred by statute of Limitations | ✓ | ✓ | ✓ |
| Failure to Establish 1st Amendment Retaliation Claim | ✓ | ✓ | ✓ |
| Tax claims barred by res judicata and tax injunction act |  | ✓ | ✓ |
| Tax claims barred by failure to exhaust remedies | ✓ | ✓ | ✓ |
| Qualified immunity | ✓ | ✓ | ✓ |