UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DONALD P. ROSENDALE,

                         Plaintiff,

           -against-

NANCY BRUSIE, as Amenia, N.Y. Zoning Code
Enforcement Office, DONALD SMITH, individually
and as Amenia, N.Y. Zoning Code Enforcement
Officer and the TOWN OF AMENIA, New York,

                        Defendants.

-------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

07 Civ. 8149 (CS) (GAY)

TO THE HONORABLE CATHY SEIBEL, United States District Judge:

      Donald P. Rosendale, appearing <u>pro se</u>, brings this action pursuant to the United

States Constitution, 42 U.S.C. § 1983, 28 U.S.C. § 1341 (the "Tax Injunction Act"), and

New York State constitutional and statutory law against the Town of Amenia ("Amenia"),

Nancy Brusie ("Brusie"), and Donald Smith ("Smith") (collectively "Defendants").

Plaintiff alleges that Defendants violated his right to free speech under the First

Amendment and New York Constitution, due process under the Fifth and Fourteenth

Amendments, and equal protection under the Fourteenth Amendment; tortiously

interfered with his right to contract and gain economic advantage; negligently failed to

enforce zoning regulations, causing harm to his health and hearing; created a public

and private nuisance by failing to enforce zoning regulations; and violated New York

General Business Law, all in connection with Defendants' zoning and taxation

decisions.

Presently before this Court are Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), on the grounds that plaintiff failed to state claims for which relief can be granted.  For the reasons that follow, I respectfully recommend that Defendants' motion should be granted.

## I.  BACKGROUND

The following facts and allegations are taken as true for purposes of the instant motion.  Plaintiff Donald Rosendale has been a resident and property owner in Amenia since 1982.  Defendant Amenia is a town located in Dutchess County, New York.  Defendant Donald Smith is a former Amenia Zoning Code Enforcement Officer and defendant Nancy Brusie is the current Amenia Zoning Code Enforcement Officer.

Non-party Tamarack Preserve, Ltd. ("Tamarack") is a shooting range and gun club situated adjacent to plaintiff's property in Amenia.  It operates under a Special Use Permit granted to it by the Amenia Zoning Board of Appeals on June 13, 1991.  Non-party Nextel, with a Special Use Permit and variance granted on January 9, 2002 by the Amenia Zoning Board of Appeals, planned to construct and operate a cell phone antenna on property adjacent to plaintiff's property.  After obtaining a building permit on June 24, 2003, Nextel built said antenna.  Non-party Brian Konigsberg ("Konigsberg") is a tenant at property also located adjacent to plaintiff's property.  For an unnamed length of time, Konigsberg ran an illegal automotive body shop at his leased property despite plaintiff's complaints to Amenia zoning officials.  Defendant Brusie told Konigsberg to cease operations in December 2006 in response to an unnamed, non-party's complaint.

2

Plaintiff asserts that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, based on his federal Constitutional and statutory law claims.

The present case follows two earlier district court cases plaintiff Rosendale brought against Amenia and prior Amenia zoning code enforcement officers, both of which resulted in appeals to the Second Circuit Court of Appeals.

Rosendale I

In the first of these cases, Rosendale v. Iuliano ("Rosendale I"), plaintiff sought punitive and compensatory damages and a refund of property taxes.  No. 99 Civ. 11701, 2002 WL 215656, at *3 (S.D.N.Y. Feb. 13, 2002).  Plaintiff made five claims in this suit: "(1) substantive due process; (2) procedural due process; (3) nuisance as a taking under the Fifth and Fourth Amendments; (4) nuisance under the New York Constitution; and (5) nuisance under [New York] state law."  Id. at *4.  Plaintiff alleged that the defendants—Arlene Iuliano (Amenia Town Supervisor), Terry Binotto (Amenia Zoning Code Enforcement Officer), Amenia, and Tamarack Preserve, Ltd.— violated his right to substantive due process when they issued building permits and a certificate of occupancy to neighboring Tamarack without enforcing town building and zoning ordinances, and then failed to enforce conditions of a Special Use Permit issued to the same Tamarack.  Id.  Plaintiff alleged that the issuing of said building permits and certificate of occupancy also violated his right to procedural due process.  Id.  The operations and existence of Tamarack in violation of these zoning regulations, plaintiff averred, created a continuing nuisance which amounted to a taking of his property without just compensation.  Id. at *3-4.

The District Court granted defendants' motion for summary judgment regarding plaintiff's federal claims and dismissed without prejudice his pendant state claims. Id. at *8 (S.D.N.Y. Feb. 13, 2002). The Court held that plaintiff had no property interest or entitlement to enforce permit conditions and zoning ordinances because New York State and Amenia's laws vest Amenia's zoning officials with discretionary power to enforce zoning and building codes. Id. at *5 (quoting Young v. Town of Huntington, 503 N.Y.S.2d 657, 657-58 (App. Div. 1986)). Absent this property interest, plaintiff had no claim for either substantive or procedural due process. Id. at *5-7. The Court also held that plaintiff's nuisance claim resided in state law only. Id. at *7. Because plaintiff's remaining claims were grounded in state law, the court exercised its discretion to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). Id. at *8. The Second Circuit Court of Appeals affirmed the District Court's decision in full. Rosendale I, 63 F.App'x 52, 53 (2d Cir. 2003). Both the District Court and Second Circuit denied Rosendale's request for reconsideration and leave to amend his complaint to include a First Amendment retaliation claim. See Rosendale I, 67 F.App'x 10, 12-14 (2d Cir. 2003).

Rosendale II

Plaintiff essentially sued the same parties in the second case, Rosendale v. LeJeune ("Rosendale II"), naming defendants Thomas LeJeune (Amenia Town Supervisor), Donald J. Smith (Amenia Zoning Code Enforcement Officer), and Amenia. 420 F.Supp.2d 315, 315 (S.D.N.Y. 2006), aff'd in part, 233 F.App'x 51 (2d Cir. 2007). Plaintiff alleged that: (1) defendants "denied him equal protection in violation of the Fourteenth Amendment when they provided screening from a cell phone antenna to his

4

neighbor but not [to] him;" (2) pursuant to 42 U.S.C. § 1983, he was entitled to a refund of his improperly computed real estate taxes from 2002, 2003, and 2004; (3) defendants retaliated against plaintiff, in violation of plaintiff's First Amendment and New York Constitutional rights by failing to enforce zoning regulations against Tamarack, and a neighboring restaurant and automotive body shop; (4) defendants, in such retaliation, were liable for plaintiff's hearing loss pursuant to New York tort law for failure to enforce zoning regulations; (5) Tamarack and a cell phone antenna, both adjacent to his property, "constitute[d] public and private nuisances and violate[d] local land use regulations;" (6) defendants "took his property without just compensation in violation of the New York Constitution;" and (7) defendants violated New York's blue laws by failing to enforce the conditions of Tamarack's Special Permit and allowing Tamarack to have shooting contests prior to 1:05 p.m. on the Sabbath, and thus are liable to him.  Id. at 317, 319, 323, 326.

The District Court held that pursuant to Rosendale I, plaintiff "failed to establish that he had a protected property right in the enforcement of the Amenia Zoning and Building Code."  Rosendale II, 420 F.Supp.2d at 322.  The District Court also found that plaintiff failed to present evidence demonstrating that the defendants were motivated by retaliation when they failed to enforce zoning regulations against Tamarack, the restaurant, and the automotive body shop.  Id. at 323-24.  Additionally, the Court dismissed plaintiff's tax claims, holding that principles of comity and the Tax Injunction Act barred federal jurisdiction because New York offered adequate remedies to resolve tax assessment claims.  Id. at 323 (referring to Report and Recommendation, Rosendale II, No. 03 Civ. 6181, at 13 (S.D.N.Y. February 3, 2006) [hereinafter "R&R

Rosendale II"]).  It further held that in order for plaintiff's hearing loss claim to survive, plaintiff must show that the defendants' failure to enforce zoning regulations against Tamarack was out of desire to retaliate against plaintiff's First Amendment rights.  Id. at 322.  Absent this proof, such claim would be precluded by Rosendale I.  The Second Circuit affirmed the District Court's dismissal of Rosendale's claims relating back to Rosendale I, specifically those occurring before February 13, 2002, holding that res judicata barred said claims.  Rosendale II, F.App'x at 52.  The Second Circuit left open the opportunity for subsequent litigation of First Amendment retaliation claims arising from acts occurring after February 13, 2002, so long as Rosendale first exhausted his state remedies.  Id.

State Court Tax Claim

Additionally, plaintiff brought an action in state court in 2004 asserting that his county and school property taxes were improperly assessed by the Amenia tax collector.  Amended Complaint ¶ 30.  Among his claims, plaintiff averred that his agricultural and senior citizen low income exemptions were improperly calculated.  Id. The case was dismissed because plaintiff failed to exhaust his administrative remedies. Id.  Subsequently, plaintiff applied to the Dutchess County Office of Real Property Services ("ORPS") for a tax correction.  Id.  The ORPS ordered a refund of plaintiff's 2002, 2003, and 2004 taxes for the wrongfully calculated agricultural exemptions.  Id. However, the ORPS declined to address plaintiff's request to review the senior citizen low income exemption because the issue was before a federal judge [in Rosendale II]. Id.  As discussed above, the progeny of Rosendale II resulted in summary judgment in favor of the defendants regarding plaintiff's tax claims.

6

Rosendale III

The present case continues on the background of the earlier cases.  In the fall of 2005, plaintiff agreed to sell five (5) acres of land to his neighbor Bernard Parker in order to pay his wrongfully assessed tax arrears.  Amended Complaint ¶ 39.  Plaintiff faced foreclosure and the contract for sale fell through.  Id.  In order to pay the tax arrears, plaintiff sold "his wristwatch, paintings and antiques."  Id. ¶¶ 39, 42, 42 n.2.

On August 9, 2007,[1] plaintiff wrote a letter to Nancy Brusie, Amenia's Zoning Code Enforcement Officer.  Amended Complaint Ex. "Complaint Letter to Code Enforcement Officer" [hereinafter "Complaint Letter"].  The letter represented plaintiff's renewed effort to have Amenia and its zoning officials enforce Amenia's zoning laws against neighbors Tamarack and Nextel.  Id.  As to Tamarack, plaintiff repeated complaints he first brought forth in Rosendale I: (1) its shooting sites were within 4,000 feet of his property in violation of its Special Use Permit; (2) it generates noise levels to a degree that causes him hearing loss; and (3) it built an additional structure on its premises contrary to its pledge to the zoning board that it would not do so.  Id.  Regarding his complaints against Nextel, plaintiff renewed his argument from Rosendale II that Nextel obtained its building permit on June 24, 2003, over one year after it received its variance to build its cell phone antenna (obtained January 9, 2002), in violation of Amenia municipal law requiring said variance to expire if a building permit is not obtained within six months of the variance.  Id.  Additionally, plaintiff complained that the antenna was built too close to his property line "contrary to the permit and

---

[1] Plaintiff wrote the letter four months after the Second Circuit issued its decision in Rosendale II.

survey" authorizing its erection.  Id.  Plaintiff requested that Brusie take specific action, and that if she did not, plaintiff would "take all steps available to [him] under [f]ederal and state law, including naming [Brusie] personally as a defendant in any future action." Id.

Plaintiff states that the various zoning violations of his neighbors Tamarack, Nextel, and Konigsberg, have caused him to suffer health ailments.  Plaintiff states that the noise Tamarack generates in disregard of the terms of its Special Use Permit, and as a result of Defendants' failure to enforce said permit, resulted in him suffering from Noise Induced Hearing Loss (NIHL), which caused his hearing to deteriorate.  Amended Complaint ¶ 6.  Plaintiff also alleges he has suffered from "not yet fully ascertainable" health damage caused by enduring four (4) years of air and water pollution caused by Konigsberg's illegal automotive body shop and Defendants' failure to close it down upon plaintiff's repeated requests.  Id. ¶¶ 6, 34-35.

Plaintiff states that he has discontinued speaking out at local town meetings for fear that Amenia and its officials will continue to ignore various zoning regulation violations of his neighbors and make negative tax assessments against him.  See Amended Complaint ¶¶ 1-2.  Plaintiff also states that he no longer provides interviews in which he criticizes Amenia and its officials to newspapers and that he withdrew a claim in court alleging Amenia and its officials, in failing to enforce the zoning laws, caused his property value to decrease.  Id. ¶ 5.

## II.  MOTION TO DISMISS STANDARD

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  In doing so, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally."  Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).  For purposes of evaluating a 12(b)(6) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted).  Ultimately, the Court must grant a 12(b)(6) motion to dismiss if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Pleadings submitted by pro se plaintiffs may be held to "less stringent standards than those applicable to formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  See also Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [the pro se plaintiff's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").  Pro se complaints and supporting papers must be read "liberally" and interpreted to "raise the strongest arguments that they suggest."  See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quotation and citation omitted).  However, pro se plaintiffs are not exempt from the "rules of procedural and substantive law."  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).  See also Lee v.

9

Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (a "pro se party's 'bald assertion,'

completely unsupported by evidence, is not sufficient to overcome a motion for

summary judgment" (citing Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)).


## III.  FIRST AMENDMENT RETALIATION CLAIMS

### A.  Retaliation

Plaintiff alleges that his objections at various Amenia town board meetings and

Zoning Board of Appeals hearings; newspaper interviews criticizing Amenia;

cooperation with state and federal investigations of corruption by Amenia officials; and

various lawsuits challenging officials' violations of Amenia's zoning regulations caused

Defendants to retaliate against him by failing to enforce Amenia zoning regulations

against his neighbors and wrongfully taxing him.  Amended Complaint ¶¶ 1-2, 43, 45-

46.  Plaintiff contends that said retaliation and threats of further retaliation caused him to

withdraw a lawsuit against Defendants for causing his property value to decrease,

decline "offers from major political parties to run for [Amenia] town office, and stop[]

speaking out at [Amenia] town meetings."  Id. ¶ 5.  Defendants contend that plaintiff has

failed to assert non-conclusory facts of said retaliation and that the retaliation claims in

connection with Tamarack are barred by res judicata.  Defendants further contend that

even if the Court could infer evidence of retaliation, the acts plaintiff complains of "would

have transpired in any event" because defendants had a legitimate reason for said acts.

Defendants' Mot. to Dismiss ¶¶ 160-62.

To establish a prima facie case of First Amendment retaliation, a plaintiff must

prove that: "(1) he has an interest protected by the First Amendment; (2) defendants'

actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001) (citing Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir.1998)).  However, conclusory statements of retaliation are not enough.  See Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003) (stating that "[c]onclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment").  Even in the presence of a retaliatory motive, a plaintiff's claim may still fail if the defendants "can show dual motivation, i.e., that even without the improper motivation the alleged retaliatory action would have occurred." Id. at 287-88. Thus, the plaintiff "has the initial burden of showing that an improper motive played a substantial part in defendant's action. The burden then shifts to defendant to show it would have taken exactly the same action absent the improper motive." Id. at 288.

No party disputes that plaintiff has a First Amendment right to speak out against the government, as plaintiff claims he did.  However, Defendants claim that plaintiff has only asserted "conclusory and self-serving allegations . . . insufficient to create . . . an inference of adverse or discriminatory action."  Defendants' Mot. to Dismiss ¶ 160. Defendants also allege that they had legitimate, non-discriminatory reasons for not enforcing the zoning regulations of which plaintiff complains.  Defendants allege that the conditions plaintiff sought to enforce against Tamarack were in fact unenforceable and, generally, that the zoning code enforcement office was underfunded, understaffed, and inefficient.  Id. ¶¶ 161-62.  Defendants assert that plaintiff failed to pursue the proper administrative and state judicial remedies regarding his tax complaints, and his claims

are now time-barred, resulting in his inability to get a full refund of his wrongfully assessed taxes.  Id. at ¶¶ 134-39.

Additionally, per Rosendale II, claims arising prior to February 13, 2002 are barred by res judicata.  The doctrine of res judicata precludes claim(s) "between the same parties or those in privity with them" in subsequent actions when the same claim(s) were the subject of a prior action and  "a final judgment [wa]s rendered on the merits." Berlitz Sch. of Languages of Am., Inc. v. Everest House, 619 F.2d 211, 214 (2d Cir. 1980).  In "determining whether two claims are truly duplicative," the Court reviews "the factual predicate of the several claims asserted.  Thus, whatever legal theory is advanced, when the factual predicate upon which the claims are based are substantially identical, the claims are deemed to be duplicative for the purposes of res judicata." Id. at 215.

### 1.  Incidents Arising Prior to February 13, 2002

Applying this analysis to the present case, plaintiff brings a lawsuit against essentially the same parties as in Rosendale II.[2]  The gravamen of plaintiff's federal claims in Rosendale II was that Amenia, Amenia's town supervisor, and Amenia's zoning code enforcement office failed or refused to enforce Amenia's "zoning [regulations] against several [of plaintiff's] neighbors, allegedly because of a desire to retaliate against him for exercise of his First Amendment rights."  420 F.Supp.2d at 317. Specifically, plaintiff alleged that Amenia; Amenia's then town supervisor, Thomas

---

[2] Plaintiff sued Amenia's town supervisor, Thomas LeJeune; Donald Smith, Amenia's then current Zoning Code Enforcement Officer; and Amenia in Rosendale II. 420 F.Supp.2d at 315.  The defendants in this case are Amenia; Donald Smith, as Amenia's prior Zoning Code Enforcement Officer; and Nancy Bruse, Amenia's current Zoning Code Enforcement Officer.

LeJeune; and Donald Smith, Amenia's then Zoning Code Enforcement Officer, violated his First Amendment rights when they failed to correct zoning regulation violations of the Nextel cell phone antenna, the illegal operation of the automotive body shop, and a restaurant at a nearby golf course.  R&R Rosendale II at 22.  The District Court dismissed plaintiff's claims, finding that plaintiff failed to submit admissible evidence to support his retaliation claims, Rosendale II, 420 F.Supp.2d at 324; in any event, his claims were implausible considering that the defendants' zoning enforcement powers were discretionary, id. at 326; and claims arising before February 13, 2002 were duplicative for the purposes of res judicata, id. at 323.  The Second Circuit affirmed the dismissal of retaliation claims that arose prior to February 13, 2002.  Rosendale II, 233 F.App'x at 52-53.  However, it instructed that claims arising after February 13, 2002 were not yet ripe for judicial review, so they should be dismissed without prejudice.  Id.

In the present case, plaintiff claims that Defendants retaliated against him when defendants Smith and Brusie refused to enforce Amenia zoning regulations against Tamarack and Nextel because he was a "'troublemaker' whose actions had resulted in the firing of town employees."  Amended Complaint ¶ 1.  Additionally, plaintiff alleges that defendant Brusie failed to address his complaints regarding an allegedly illegal automotive body shop operating adjacent to his property because he was a "troublemaker," but subsequently directed said shop to close when another Amenia citizen complained.  Id. ¶¶ 31-33.  Plaintiff also alleges he was wrongfully taxed, that town officials threatened to deprive him of his senior citizen and agricultural tax exemptions; and as a result, he discontinued his claim for loss in property value caused by the alleged zoning violations.  Id. ¶ 5.

Under the doctrine of <u>res judicata</u>, plaintiff cannot now bring new claims of retaliation regarding Tamarack and the automotive body shop because he already litigated these claims in <u>Rosendale II</u>.  Plaintiff has not alleged that Defendants here have made a zoning regulation decision after February 13, 2002 in connection with Tamarack or the automotive body shop which could give rise to the First Amendment retaliation claims he asserts herein.[3]  To the extent plaintiff alleges defendant Brusie closed the illegal automotive body shop in December 2006, plaintiff has not alleged facts which would show Brusie purposefully ignored his claims to chill his First Amendment rights.  Thus, it is respectfully recommended that Defendants' motion to dismiss plaintiff's First Amendment retaliation claims in connection with Tamarack and Konigsberg's automotive body shop should be granted.

### 2.  Incidents Arising After February 13, 2002

However, plaintiff's claims regarding the Nextel cell phone antenna are not barred by <u>res judicata</u>.  Amenia officials granted Nextel a permit for the cell phone antenna on June 24, 2003 and issued a certificate of occupancy on November 14, 2003.  Amended Complaint ¶ 29; <u>Rosendale II</u>, 420 F.Supp.2d at 323.  Plaintiff complained of Defendants' actions in a letter to Brusie on August 9, 2007.  Complaint Letter at 3.  Plaintiff alleges that Defendants violated zoning regulations in allowing Nextel to build the antenna because it obtained a building permit beyond the statutorily allowed time from when it received its special permit and variance, the antenna was not

---

[3] To find that Brusie's failure to respond to plaintiff's August 9, 2007 complaint of the violations in connection with Tamarack a "new" act goes against the principle of <u>res judicata</u>.  To hold otherwise would allow plaintiff to create new complaints on the same claims and re-litigate indefinitely matters already litigated.

built to plan, and Nextel failed to "show that it cannot co-locate on an existing tower." Amended Complaint ¶ 29. Plaintiff asserts that Brusie failed to respond to his letter about said violations because he spoke out against Defendants and commenced various lawsuits. Id. ¶¶ 1-2. Plaintiff also asserts that Brusie's acts have chilled further speech by him. Id. ¶¶ 43-45.

However, plaintiff has only offered conclusory evidence of such retaliation. See, e.g., Amended Complaint ¶ 2. Plaintiff's vague recantation of the facts makes it unclear which Defendant, if any, was involved in issuing the permits and variance to Nextel. As such, it cannot be determined who plaintiff claims had a retaliatory motive to allow Nextel to build next to his property. Plaintiff does not allege personal conduct of any defendant. Additionally, plaintiff does not assert facts showing that Brusie, as Amenia's new Zoning Code Enforcement Officer, knew about his prior lawsuits or speaking out against Amenia and its officials; and thus chose to ignore his complaint letter in retaliation of those acts. Moreover, the fact that plaintiff commenced the present lawsuit within weeks of sending the letter to Brusie shows that his speech was not "chilled" with regard to this matter.

Additionally, plaintiff asserts that his 2002, 2003, and 2004 tax assessments were incorrectly computed in retaliation of his First Amendment rights. Plaintiff alleges that no other Amenia property owner was incorrectly taxed, thus the miscalculation was intentionally made against him. Amended Complaint ¶ 30. Assuming arguendo that said wrongful tax assessments occurred after February 13, 2002, in order to state a claim for which relief can be granted, plaintiff must allege facts to demonstrate that defendants wrongly assessed his taxes in retaliation of his First Amendment rights; and

that the improper assessment chilled his speech.  However, plaintiff has not alleged any facts linking defendants Smith and Brusie (past and present zoning code enforcement officers) to the wrongful tax assessment decisions.  Further, plaintiff has not alleged facts suggesting Amenia's wrongful tax assessments chilled his speech.  Rather, plaintiff admits he brought a state court action against Amenia and Amenia's tax assessor in 2004 and that he applied for and received a refund of some of his taxes.  Under these facts, rather than being "chilled" in his speech, plaintiff continued to challenge Amenia's actions.

Plaintiff's remaining complaint in connection with the tax assessments is that the Dutchess County Office of Real Property Services "could not re-calculate his senior citizen low income exemption" due to then pending litigation on said matter.  Amended Complaint ¶ 30.  Said factual assertions do not state a constitutional violation.

Next, plaintiff alleges "town employees or officers" threatened "to cancel his senior citizen and agricultural tax exemptions unless he 'stopped sticking his nose in places it doesn't belong.'" Id. ¶ 2.  Plaintiff alleges that these threats violated his First Amendment rights, causing him to stop speaking out at town meetings, withdrawing a devalued property claim in federal court, and providing interviews to newspapers, among other things.  Id. ¶ 5.  However, plaintiff does not name specific individuals or incidents whereby these alleged threats took place.   Plaintiff has failed to allege facts showing a nexus or proximity between these alleged incidents and the alleged "chill" of his First Amendment rights.  Said vague and conclusory allegations do not state a constitutional claim.

16

Plaintiff also claims that Amenia interfered with the sale of five (5) acres of plaintiff's property.  Id. ¶ 39.  Plaintiff avers that he needed to sell the property in order to avoid foreclosure of his property.  Id.  Plaintiff allegedly contracted to sell said property to his neighbor Bernard Parker.  Id.  Allegedly, Parker delayed closing on the property after learning that Amenia would foreclose on it.  Id.  Parker allegedly conveyed to plaintiff that he would wait to see "if he could get a better deal" by purchasing the property from Amenia.  Id.  Plaintiff claims that because of Parker's delay, the contract expired and he had to sell "his wristwatch, paintings and antiques" to pay his wrongfully assessed tax arrears.  Id. ¶¶ 39, 42, 42 n.2.

Plaintiff asserts that Defendants are responsible for conveying to Parker the information regarding his foreclosure in order to interfere with the sale of property in retaliation of his First Amendment rights.  However, plaintiff only offers conclusory assertions of such retaliation.  He does not identify who told Parker about plaintiff facing foreclosure or plaintiff's inability to pay his bills to Amenia.  See id.  Plaintiff's own conclusions about what might have transpired among unnamed individuals is not enough to show that Defendants retaliated against him in violation of his First Amendment rights.

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss plaintiff's First Amendment retaliation claims arising after February 13, 2002 should be granted.

B.  Conspiracy to Retaliate

Plaintiff alleges that Defendants have engaged in a "persistent course of conspiratorial non-compliance and non-enforcement of . . . municipal zoning regulations

17

and ordinances" in "purposeful retaliation" in violation of his Constitutional and First Amendment rights.  Defendants maintain that plaintiff's allegations are conclusory and that there is "no causal connection between [p]laintiff's activities and the actions of [Amenia]."  Defendants' Mot. to Dismiss ¶¶ 160-61.

42 U.S.C. § 1985(3) provides for an individual to recover damages for injury to himself or his property where "two or more persons in any State or Territory conspire . . . for the purpose of depriving . . . any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).  To support such a conspiracy claim, a plaintiff must demonstrate: (1) an agreement between two or more state actors or a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.  See Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002).  The elements of a conspiracy may be inferred from the evidence.  See Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999) (Conspiracies are "by their very nature secretive operations, and may have to be proven by circumstantial, rather than by direct evidence.").  However, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed."  Ciambriello, 292 F.3d at 325 (internal citation omitted).

Here, plaintiff's amended complaint appears to allege that only a conspiracy to retaliate against his speaking out against Amenia and its officers would explain the conduct he complains of, i.e. how past and current code enforcement officers and Amenia persistently ignored zoning regulations in connection with his neighbors'

18

building and use of their properties.  However, the mere fact that Defendants are

"involved in the events of which [plaintiff] complains does not establish a conspiracy."

Parker v. City of New York, No. 05 Civ. 1803, 2008 WL 110904, at *9 (S.D.N.Y. Jan. 7,

2008).  Plaintiff has not asserted any facts to support that there was any agreement or

meeting of the minds among the alleged conspirators to violate his constitutional rights.

Since an agreement among alleged conspirators is an essential element of a

conspiracy, plaintiff's conclusory assertions of such an agreement cannot withstand

Defendants' motion to dismiss.  See Shabaz v. Pico, 944 F. Supp. 460, 467 (S.D.N.Y.

1998).  Thus, it is respectfully recommended that Defendants' motion to dismiss should

be granted as to plaintiff's § 1985 conspiracy claim.


## IV.  DUE PROCESS CLAIMS

Plaintiff claims that Defendants violated his due process rights pursuant to the

Fifth and Fourteenth Amendments for failing to enforce Amenia zoning laws, Special

Use Permits, and variances against his neighbors Tamarack, Konigsberg, and Nextel;

wrongly taxing him; and threatening to cancel his senior citizen and agricultural tax

exemptions.  Amended Complaint ¶¶ 2-3, 50.  Defendants submit that plaintiff's due

process claims are barred by res judicata.  Defendants' Mot. to Dismiss ¶¶ 147-49.

As discussed above, where the same parties litigated a claim for which a

judgment has been entered on the merits, neither party may commence a second action

arising from the same claim.  In the present case, plaintiff sued essentially the same

defendants as in <u>Rosendale I</u>[4] under the same claim: allegedly violating his rights to substantive and procedural due process under the Fifth and Fourteenth Amendments. The District Court decided the issue on the merits, holding that plaintiff "failed to establish that he had an entitlement to the enforcement of" the zoning and building conditions and laws he complained of.  <u>Rosendale I</u>, 2002 WL 215656, at *5.  The Court determined that plaintiff had no entitlement or property interest in the enforcement of such regulations because the public officials charged with enforcing zoning regulations have discretionary power to do so under New York laws.  <u>Id.</u>  Absent such entitlement or property interest, the activities of the zoning officials did not "give rise to a violation of federal constitutional rights."[5]  <u>See id.</u> at *6.  Further, plaintiff also failed to establish that he had an identifiable property interest of which he was deprived when Amenia and its officials failed to enforce the zoning regulations at issue.  <u>Id.</u> at *7.  The District Court held that since plaintiff could show no deprivation of a property interest, he had no procedural right to be heard, as actionable under due process rights.  <u>Id.</u>

The Second Circuit affirmed the holdings of the District Court.  <u>Rosendale I</u>, 63 F.App'x at *53.  Thus, this is the law of <u>Rosendale I</u>.  Plaintiff cannot re-litigate the same due process claims even if Defendants have been and continue to fail to enforce zoning regulations against his neighbors.  The laws of New York have not changed.  The zoning enforcement officials' powers to enforce the laws remain discretionary.

_____

[4] <u>Rosendale I</u> defendants included Amenia, Amenia's town supervisor, and a prior Amenia zoning code enforcement officer.

[5] The Court also noted that even a clear violation of state law would not rise to a federal claim where plaintiff can pursue a state remedy via an Article 78 proceeding.

As to plaintiff's due process claims in connection with being wrongfully taxed, as mentioned below, this claim is also barred by res judicata.  See infra § VI.

Thus, plaintiff is barred from bringing claims of procedural and substantive due process under the doctrine of res judicata.  It is respectfully recommended that Defendants' motion to dismiss said claims should be granted.


## V.  EQUAL PROTECTION CLAIMS

Plaintiff claims that Defendants violated his right to equal protection pursuant to the Fourteenth Amendment when Smith, Brusie, or other Amenia employees or officers refused to enforce Special Use Permits and variances issued to Tamarack and Nextel; failed to respond to his complaints regarding an illegal automotive body shop; wrongly taxed him; and threatened to revoke his senior citizen or agricultural exemptions. Defendants counter that plaintiff's claim fails as a matter of law because he did not identify a similarly situated individual; his equal protection claim arising from the Nextel situation was dismissed in Rosendale II, and as such, is barred by res judicata; and his equal protection claim arising from wrongful taxation was dismissed in New York State Supreme Court for lack of evidence and, thus, is barred by res judicata.  Defendants' Mot. to Dismiss ¶¶ 154, 156-58.

The Court broadly construes the amended complaint as plaintiff alleging a "class-of-one" equal protection theory; arguing that Defendants singled him out intentionally for arbitrary treatment without a rational basis.  See Clubside, Inc. v. Valentin, 468 F.3d 144, 158-59 (2d. Cir. 2006) (citing Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)) (the Supreme Court recognizes a class-of-one equal protection

21

claim where a plaintiff alleges that he was intentionally treated differently from other similarly-situated individuals without any rational basis.).   In order to succeed in his class-of-one claim, plaintiff must establish that:

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

Id. at 159 (citing Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir.2005)).   Plaintiff "must show an extremely high degree of similarity between [himself] and the persons to whom [he] compare[s] himself" because such comparison of others who were more favorably treated is "'offered to provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain.'"  Id. (quoting Neilson v. D'Angelis, 409 F.3d at 104).

As an initial matter, however, res judicata bars plaintiff's equal protection claims in connection with the enforcement of zoning regulations against Tamarack, the automotive body shop, and Nextel; and wrongful taxation.  As mentioned above, Defendants in the present case are essentially the same as those in both Rosendale I and Rosendale II.  In Rosendale I, plaintiff raised multiple claims regarding the enforcement of zoning regulations against Tamarack.  2002 WL 215656, at *3-4. Plaintiff's federal claims were decided on their merits.  Id. at *4-8.  In Rosendale II, plaintiff alleged that then defendants LeJeune, Smith, and Amenia violated his right to equal protection when his neighbor received certain screening from Nextel's antenna

but he did not.  420 F.Supp.2d at 319.  In the same lawsuit, plaintiff brought a First Amendment retaliation claim in connection with Konigsberg's automotive body shop and a 42 U.S.C. § 1983 claim for being incorrectly taxed.  Id. at 319, 323.  The District Court decided these claims on their merits.  Id.  Thus the "same parties" and "judgment on the merits" requirements of res judicata have been met.  See Berlitz Sch. of Languages of Am., Inc. v. Everest House, 619 F.2d 211, 214 (2d Cir. 1980).

The remaining issue is whether the "same claims" were subject to previous litigation.  As a general rule, regardless of the legal claim plaintiff advances in connection with Tamarack, Nextel, the automotive body shop, or his incorrectly assessed taxes, "when the factual predicate upon which the claims are based are substantially identical, the claims are deemed to be duplicative for the purposes of res judicata."  Id. at 215.  In the present case, plaintiff asserts the same factual predicates as he did in Rosendale I and Rosendale II.  He complains of the same alleged failure to enforce Amenia's zoning regulations and the same wrongfully assessed taxes.  Plaintiff has not set forth any new factual bases for his claims.  Accordingly, the claims here are the same as those raised in plaintiff's previous lawsuits for the purposes of res judicata.  Therefore, plaintiff's equal protection claims are barred.  It is respectfully recommended that Defendants' motion to dismiss said claims should be granted.

## VI.  SUBSTANTIVE ZONING AND TAX CLAIMS

Plaintiff contends that his substantive zoning and tax claims are now ripe for federal review because he allegedly exhausted his administrative remedies in connection with those claims.  Amended Complaint ¶¶ 16-30.  Specifically, plaintiff

asserts that he has exhausted his available remedies to enforce zoning regulations against his neighbors and receive a full refund of his wrongfully assessed taxes for the years 2002, 2003, and 2004.  Id.  However, following Rosendale I, plaintiff has no federal right to enforce zoning regulations in the State of New York and is barred by the doctrine of res judicata from re-litigating this issue.  2002 WL 215656, at *1-8; Rosendale II, 420 F.Supp.2d at 317, 322.  Contrary to plaintiff's amended complaint, pursuant to Rosendale II, the Second Circuit advised plaintiff to exhaust his administrative remedies to define his injuries for First Amendment retaliation claims arising after February 13, 2002; not to re-establish a cause of action in zoning enforcement.  Amended Complaint ¶¶ 18-22; Rosendale II, 233 F.App'x at *52.  Further, plaintiff's tax claims are also barred by the doctrine of res judicata.  Rosendale II, 420 F.Supp.2d at 319.  Plaintiff sought federal review of his tax refund claims in Rosendale II and the District Court then dismissed said claims because of the Tax Injunction Act, principles of comity, and state statute of limitations.  Id.  319, 323.  Plaintiff has not asserted a new core of facts which would make either claim separate from his previous claims and thus ripe for adjudication.  As res judicata bars plaintiff's federal claims regarding zoning enforcement and tax refunds, it is respectfully recommended that Defendants' motion to dismiss said claims should be granted.


## VII.  REMAINING STATE CLAIMS

As a result of the dismissal of all of Plaintiffs' federal causes of action, this Court should decline to exercise its supplemental jurisdiction over plaintiffs' state causes of

action.  28 U.S.C. § 1367(c)(3); <u>Travelers Ins. Co. v. Keeling</u>, 996 F.2d 1485, 1480 (2d Cir. 1993).

## VIII.  CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend that Defendants' motion to dismiss should be GRANTED in its entirety.

## IX.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report  to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections.  <u>See</u> Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  <u>See</u> <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 604 (2d Cir. 2008).

25

Requests for extensions of time to file objections must be made to the Honorable Cathy Seibel and not to the undersigned.

Dated:   January _____, 2009          Respectfully Submitted:

       White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.

26